UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT MCPHEE, ET AL,

    Plaintiff,

vs                                          Case No: 11-13387
                                                    Honorable Victoria A. Roberts

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, ET AL,

    Defendant.
_____/

## ORDER

    Plaintiffs filed a Motion for Remand (Doc. #14). Defendants responded. The Court can dispose of this motion without a hearing pursuant to L.R. 7.1 (e)(2).

    The motion is **DENIED.**

    Plaintiff's contend that this matter was improperly and untimely removed from the Oakland County Circuit Court because all named defendants did not join in the removal.

    It is clear from exhibits filed with the briefs, that at the time of removal, Greenpoint Mortgage Funding had not been properly served; it is the only defendant that did not join in the removal.

    While the general rule is that all defendants must join in removal, any defendant not properly served need not. *Pullman Co. v Jenkins*, 305 U.S. 534 (1939).

    Plaintiffs rely on the notion that Defendant Greenpoint at least had notice of the suit by July 11, 2011, because the summons and complaint were sent to it by certified mail to an address in Plano, Texas, and someone signed for it. Plaintiffs say based on

1

this July date, Greenpoint should have joined in the request for removal. Plaintiffs do not assert that the Texas address was a proper address, or the address of Greenpoint's registered agent.

Mailing a summons and complaint in this matter and under the circumstances was not proper service, and the Supreme Court abrogated the notion that "receipt" is sufficient to defeat remand. The Supreme Court held:

> Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant....In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant....Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend....When Congress enacted § 1446(b), the legislators did not endeavor to break away from the traditional understanding.

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## **CONCLUSION**

All properly served defendants joined in a timely filed notice of removal. Plaintiff's Motion is **DENIED**.

    **IT IS ORDERED**.

                              /s/ Victoria A. Roberts
                              Victoria A. Roberts
                              United States District Judge

Dated: October 13, 2011

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 13, 2011.<br><br>s/Linda Vertriest<br>Deputy Clerk |